IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LARRY BUSCH and KAREN BUSCH, | Case No. 11-CV-03192-EJD |
| Plaintiffs, | **ORDER DENYING PLAINTIFFS' MOTION TO REMAND** |
| v. | |
| CITIMORTGAGE, INC. et al., | Re: Docket Item No. 14 |
| Defendants. | |

Presently before the Court is Plaintiffs' Motion to Remand this action to state court. Having reviewed the written submissions for this matter, the Court finds it appropriate for decision without oral argument. See Civil L.R. 7-1(b). For the reasons set forth below, the motion is denied.

I. BACKGROUND

Plaintiffs filed a complaint in the Superior Court of California, County of Santa Cruz on June 17, 2011, for claims surrounding a pending mortgage foreclosure. The complaint names seven defendants: CitiMortgage, Inc., American Home Mortgage Servicing Inc. ("AHMSI"), Litton Loan Servicing, L.P., MTGLQ Investors, L.P., WL R/IVZ Resi NPL LLC, Invesco, and Resi Whole Loan IV LLC.

AHMSI removed the case to this Court on June 28, 2011, on the basis of diversity jurisdiction. Plaintiffs move to remand the case to state court for two reasons: first, that there is a lack of diversity to give rise to subject matter jurisdiction; and second, that the Court should refrain

from exercising any jurisdiction it does have under any of the doctrines of abstention.[1]

II. SUBJECT MATTER JURISDICTION

A district court has original jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). A corporation is a citizen of both the state where it is incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). A natural person (i.e., a human) is a citizen of her state of domicile. See Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088 (9th Cir. 1983).

For diversity purposes, both Plaintiffs are citizens of California. Compl. ¶ 1. Plaintiffs concede that the amount in controversy meets the statutory requirement for jurisdiction and do not contest that no defendant is incorporated in California. Pls.' Mot. at 8; Pls.' Reply at 2. They argue only that Defendants CitiMortgage, Inc. and AHMSI do a volume of business in California that gives rise to citizenship of this state, thereby destroying the diversity on which federal jurisdiction is based.

Quite simply, Plaintiffs have the law wrong. They ably argue that CitiMortgage and AHMSI have a level of contact with California—i.e., volume of business, operations, and availment of state laws—that confers on the Court general personal jurisdiction over the two corporations. But personal jurisdiction and subject matter jurisdiction are separate inquiries. Corporate citizenship for diversity purposes attaches only to the state of incorporation and the state of the company's *principal* place of business. AHMSI alleges in its Notice of Removal that its principal place of business is in Texas. Notice of Removal ¶ 7. CitiMortgage alleges that its principal place of business is in Missouri. McPhee Decl. ¶ 3. Plaintiffs offer no evidence that casts doubt on either assertion, and it does not appear they will be able to do so.[2] Nor is remand proper, as they argue, in order to

---

[1] Plaintiffs also argued in their motion that remand was proper based on a defect in the removal procedure, but their reply brief concedes that the defect has since been cured.

[2] Plaintiffs attempt to rebut AHMSI's allegation by citing the company's website, which states, "AHMSI is based in Coppell, Texas, with servicing operations in Irvine, Calif., Jacksonville, Fla., and Pune, India." The servicing operations in California might establish personal jurisdiction, but the quoted language clearly supports AHMSI's claim that its principal place of business is in Texas.

2
CASE NO. 11-CV-03192-EJD
ORDER DENYING PLAINTIFFS' MOTION TO REMAND

give them the "opportunity to confirm" the Defendants' allegations. Pls.' Reply at 2. Defendants met their burden of establishing a basis for jurisdiction, and Plaintiffs have failed to rebut.

III. ABSTENTION

In the alternative, Plaintiffs ask the Court to refrain from exercising its jurisdiction under federal abstention doctrines.

District courts have a "virtually unflagging obligation to exercise the jurisdiction given to them." Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976). Federal courts have jurisdiction over diversity cases in order to ensure that citizens of different states can adjudicate their disputes in a neutral forum. See Bank of United States v. Devaux, 9 U.S. (5 Cranch) 61, 87 (1809) (Marshall, C.J.).

In general, there are three reasons for a federal district court to abstain from deciding a case over which it properly has jurisdiction, all of which are based in principles of comity: (1) to avoid ruling on unclear state law, (2) to avoid interfering with pending state proceedings,[3] and (3) to avoid duplicative litigation.[4] See Erwin Chemerinsky, Federal Jurisdiction chs. 12–14. The second and third rationales apply only when there is pending litigation in both state and federal court; here, there is only one action, and the question is where it should proceed—in state *or* federal court.

Abstention because of unclear state law is appropriate in a few separate circumstances. Under Railroad Commission of Texas v. Pullman Co., a federal court must not decide a constitutional issue when a clarification of state law might obviate the resolution of the constitutional question. Federal courts also refrain from interpreting complex state administrative or regulatory schemes. Burford v. Sun Oil Co., 319 U.S. 315 (1943). Finally, abstention is sometimes

---

In response to CitiMortgage's allegation, Plaintiffs state only that the company "controls and services tens if not hundreds of thousands of loans in the State of California." That statement, while again relevant to personal jursidiction, sheds no light on the subject matter jurisdiction issue of corporate citizenship.

[3] See Younger v. Harris, 401 U.S. 37 (1971). Younger and its progeny outline when it is appropriate for federal courts to enjoin separate state proceedings.

[4] See Colorado River, 424 U.S. 800 (1976). Colorado River and subsequent cases concern what federal courts should do when an action in state court duplicates the federal case.

proper in a diversity case that both involves uncertain state law and implicates an important state interest that is intimately involved with the government's sovereign prerogative.[5] La. Power & Light Co. v. City of Thibodaux, 360 U.S. 25 (1959); Chemerinsky, Federal Jurisdiction, § 12.2.2.

Plaintiffs' complaint raises no constitutional questions, and there is no extraordinary state administrative scheme governing the claims. Plaintiffs primarily argue that the Court should abstain from deciding this case because the case presents "issues of State, not Federal, concern," some of which, they assert, are issues of first impression. But Plaintiffs' complaint advances no new legal theories. It aims to apply longstanding California laws of fraud, breach of contract, negligence, and wrongful foreclosure to its own necessarily unique set of facts. California law cannot be said to be unclear on any of these points. This is especially true in relation to actions involving foreclosures, which regularly come before California state and federal courts.

Plaintiffs note that all the cases cited by Defendant AHMSI in its argument against abstention are distinguishable from this one because they involve primarily monetary damages, raise issues of federal law, or simply rest on different facts. The distinction between monetary and equitable damages is only relevant where there is a separate reason for abstaining. See Quakenbush v. Allstate Ins. Co., 517 U.S. 706 (1996). The fact that the complaint raises no federal issues does not support abstention, either. Congress's grant of diversity jurisdiction is directed at cases involving only state law claims. After all, if a complaint raises issues of federal law, a district court has federal question jurisdiction over the federal claims and supplemental jurisdiction over any related state law claims. 28 U.S.C. §§ 1331, 1367. Finally, every case arises on different facts; the persuasive value of precedent exists when the legal principles that apply to the facts of one case can be analogized to the facts of another.

There is no basis for the Court to decline to invoke the jurisdiction conferred upon it by Congress. The exercise of jurisdiction will not upset California's interest in establishing a coherent policy in the state law regulation of foreclosures.

---

[5] One or the other is not enough. See Meredith v. Winter Haven, 320 U.S. 228 (1943) (holding that "uncertain or difficult" state law is not sufficient to justify abstention); Allegheny County v. Frank Mashuda Co., 360 U.S. 185 (1959) (no abstention where state law is clear).

4
CASE NO. 11-CV-03192-EJD
ORDER DENYING PLAINTIFFS' MOTION TO REMAND

Good cause therefor appearing, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand is DENIED.

Dated: August 17, 2011


EDWARD J. DAVILA
United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Caleb S Baskin csbaskin@baskingrant.com
Conrad V. Sison csison@lockelord.com
Daniel Anthony Solitro dsolitro@lockelord.com
Nathan C. Benjamin nathan@baskingrant.com
Pamela Dawn Simmons pamela@pamelaw.com
Peter James VanZandt pvanzandt@bledsoelaw.com
Regina Jill McClendon rjm@severson.com
Sally Weiss Mimms smimms@lockelord.com
Thomas Nathaniel Abbott tna@severson.com

**Dated: August 17, 2011**          **Richard W. Wieking, Clerk**

**By:    /s/ EJD Chambers**
         **Elizabeth Garcia**
         **Courtroom Deputy**